IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Haymarket DuPage LLC., <br><br> Plaintiff, <br><br> v. <br><br> Village of Itasca, Itasca Plan Commission, Itasca Fire Protection District No. 1, Itasca Mayor Jeffrey Pruyn in his official capacity, Itasca Public School District 10, and Itasca Public School District 10 Superintendent Craig Benes in his official capacity, <br><br> Defendants. | Case No. 22-cv-160 <br><br><br> **JURY TRIAL DEMANDED** |

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff Haymarket DuPage, LLC moves this Court to permit it to file a two-page Surreply. In support of this motion, Plaintiff states:

1. On May 20, 2022, Defendant Fire Protection District No. 1 filed a Reply in support of its Motion to Dismiss the Haymarket Complaint.

2. The Reply brief raises a new argument, for which it cites *Mercatus Grp. LLC v. Lake Forest Hosp.*, 641 F.3d 834 (7th Cir. 2011). In short, the Fire District claims the Noerr-Pennington Doctrine shields it from liability based on its contention that the Haymarket DuPage zoning hearing was a legislative hearing. This argument was not part of the Fire Districts' initial Motion to Dismiss; indeed, the term "legislative" is not used even one time in its Motion to Dismiss. The Surreply, very briefly, counters this argument.

3. Accordingly, counsel for Haymarket seeks the Court's permission to file a two-page Surreply, *attached as* Exhibit A.

4. Plaintiff's counsel has communicated this request to counsel for the Fire District. The Fire District objects to this request.

Wherefore, Plaintiff requests the entry of an order granting this motion for leave to file a two-page Surreply.

Date: June 16, 2022

Respectfully Submitted,

*/s/Mary Rosenberg*

Mary Rosenberg
Kenneth M. Walden
*Access Living of Metropolitan Chicago*
115 W. Chicago Avenue
Chicago, IL 60654

Jennifer K. Soule
*Soule, Bradtke & Lambert*
402 Campbell Street
Suite 100
Geneva, IL 60134

Ex. A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Haymarket DuPage LLC, | |
|     Plaintiff, | |
| v. | Case No. 22-cv-160 |
| Village of Itasca, et al. | |
|     Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SURREPLY**

Plaintiff Haymarket DuPage, for its Surreply in opposition to the Motion to Dismiss and the Reply filed by the Itasca Fire Protection District No. 1 (Fire District), states as follows:

In its Reply, to escape the fraudulent misrepresentations/sham exception to the Noerr-Pennington Doctrine, the Fire District cites *Mercatus Group, LLC vs. Lake Forest Hospital*, 641 F.3d 834, 844 (7th Cir. 2011) for the contention that the Noerr-Pennington Doctrine shields from liability any entity (here, the Fire District) that provides false information in a legislative proceeding, as opposed to an adjudicative proceeding. Reply Br. at 4. It then contends the Haymarket zoning proceeding in Itasca was legislative because it is "identical" to the zoning process in the Village of Lake Bluff that the *Mercatus* court found to be legislative. *See id.* at 848; Reply Br. at 4. The Fire District's reading of *Mercatus* is greatly exaggerated, and its application to the instant case is off base.

First, as a preliminary matter, the *Mercatus* court confronted the application of the Noerr-Pennington Doctrine at the Summary Judgment stage, not the Motion to Dismiss stage. "The decision about whether the Noerr–Pennington doctrine applies should be left until after discovery, so as to 'more fully develop the underlying acts and possibly establish an

exception...'" *Fox News Network L.L.C. v. Time Warner, Inc.*, 962 F. Supp. 339, 346 (E.D.N.Y. 1997) (internal citation omitted).

Second, *Mercatus* was an antitrust case while the instant case is a civil rights case. The Noerr-Pennington Doctrine does not protect government activity, as alleged in the Haymarket Complaint, which discriminates against a protected class. *Tizes v. Curcio* 1995 WL 476675 *4 (N.D. Ill. 1995).

Finally, the Mercatus court explains "a governmental body will act in a legislative capacity in some cases but in an adjudicative capacity in others." *Mercatus*, 641 F.3d at 844. Under *Mercatus*, to determine whether governmental activity is legislative or adjudicative involves a range of considerations, among them: the formality of the fact-finding process (including whether testimony is given under oath or affirmation, which would be indicative of an adjudicative process); and whether the deliberative process is discretionary or guided by specific, required factors. *Id*. at 845-846.

Here, of course, the zoning proceedings were decidedly adjudicative. The zoning process was a trial marked by: (a) multiple parties represented by counsel, (b) more than 35 hearings presided over by an officiant who made evidentiary rulings, (c) more than 15 witnesses who were subject to direct and cross examination under oath, (d) closing statements, and (e) specific and multiple zoning factors by which Haymarket's applications were judged. On the other hand, the legislative proceeding in Lake Bluff, analyzed in *Mercatus*, had none of those attributes; rather, it was informal, no rules of evidence were applied, no testimony was taken under oath, and no "enforceable, definite standards" guided the decision-making process. *Id*. at 848.

Accordingly, Haymarket DuPage LLC respectfully requests that this Court deny the Motion to Dismiss filed by the Fire District.

| | |
|---|---|
| Date: June 16, 2022 | Respectfully Submitted, |
| | /s/Kenneth M. Walden |
| Mary Rosenberg<br>Kenneth M. Walden<br>*Access Living of Metropolitan Chicago*<br>115 W. Chicago Avenue<br>Chicago, IL 60654 | Jennifer K. Soule<br>*Soule, Bradtke & Lambert*<br>402 Campbell Street<br>Suite 100<br>Geneva, IL 60134 |