## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HAYMARKET DUPAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CV-160 |
| | ) | |
| v. | ) | District Court Judge Seeger |
| | ) | Magistrate Judge Jantz |
| VILLAGE OF ITASCA, | ) | |
| ITASCA PLAN COMMISSION, and | ) | |
| ITASCA MAYOR JEFFREY PRUYN | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### JOINT STATUS REPORT AND PROPOSED SCHEDULE
### FOR SUMMARY JUDGMENT MOTIONS

Counsel for Plaintiff Haymarket DuPage, LLC, and counsel for Defendants Village of Itasca, Itasca Plan Commission, and Itasca Mayor Jeffrey Pruyn (Itasca Defendants), submit this Joint Status Report and Proposed Schedule for Summary Judgment Motions. In support, they state:

### Background

On June 17, 2026, because discovery in this matter concluded and the parties did not seek a settlement conference, Magistrate Judge Jantz closed out her referral. Dkt. 202. On July 7, 2026, District Court Judge Seeger ordered the parties to file a status report within two weeks to include a proposed schedule. Dkt. 203.

This status report will cover: (a) settlement status, (b) the rationale for the proposed schedule for summary judgment motions and proposal for related matters, and (c) a proposed schedule for summary judgment motions and proposal for related matters.

## Settlement Status

As this Court recognized in its Order of July 7, 2026, the parties have spoken regarding the possibility of settlement, but have not agreed to enter into formal settlement negotiations. Dkt. 203. Presently, then, there has been minimal progress on settlement.

## Rationale for Proposed Schedule

The parties met on Friday, July 17, 2026, and revealed each side plans to file for summary judgment at least as to certain claims. The parties acknowledge there is a large volume of material to draw from to prepare motions for summary judgment, which includes the following:

- There is a voluminous record from the zoning hearings that preceded the filing of this case. The zoning hearing process began in 2019 and lasted over two years, during which time the parties participated in over 35 hearings. Each of those hearings includes a transcript. During those hearings there was testimony from fact witnesses, expert witnesses, and the public. Those hearings also included additional parties, namely the Itasca Fire Protection District, the Itasca Public School District, and a group of Itasca residents and businesses. In addition, scores of documents were entered into the record, including expert reports, reports and records from various local and regional bodies, public comments, letters from the public, and other materials.

- During the present litigation, about 60 depositions were conducted, including more than 10 expert depositions, which addressed expert reports.

- Written discovery includes hundreds of thousands of documents requiring extensive review.

2

Because of this voluminous record, the parties ask the court to approve the following summary judgment schedule along with related summary judgment parameters. With this proposal, the parties endeavored to be realistic and reasonable. Further, the parties recognize the proposal regarding undisputed statements of material fact is sizeable. However, it is based on the robust record outlined above. The parties have also discussed preparing, if possible, a set of limited uncontested facts and/or an agreed timeline.  With this background in mind, the parties seek the following:

**<u>Proposal</u>**

Schedule
Summary Judgment Motions       File by September 22, 2026
Response to Motions            File by November 6, 2026
Reply to Motions               File by December 7, 2026

Length of Briefs
Initial Filing                 30 pages
Response                       30 pages
Reply                          20 pages

Statements of Material Fact
Movant                         200 statements of undisputed material facts in support of motion
Respondent                     200 statements of additional facts to support denial of motion

Respectfully Submitted,

<u>/s/ Kenneth M. Walden</u>
Kenneth M. Walden
Katelyn B. Polk
Charles Petrof
Access Living of Metropolitan Chicago
115 W. Chicago Avenue
Chicago, Illinois 60654
kwalden@accessliving.org
(312) 640– 2136
*Attorneys for Plaintiff Haymarket DuPage*

<u>/s/ Charles E. Hervas</u>
Charles E. Hervas
Ahmed Kosoko
Kaleah M. Ault
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143
chervas@hcbattorneys.com
(630) 773-4774
*Attorneys for Defendants Village of Itasca, Itasca Plan Commission, and Mayor Jeffrey Pruyn*

Jennifer K. Soule
Kelly K. Lambert
James G. Bradtke
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
(630) 333-9144
*Attorneys for Plaintiff Haymarket DuPage*

Renato Mariotti
Holly Campbell
Paul Hastings
71 S. Wacker Drive, Suite 4500
Chicago, Illinois 60606
(312) 499-6000
*Attorneys for Defendants Village of Itasca, Itasca Plan Commission, and Mayor Jeffrey Pruyn*

Mary E. Dickson
Dickson Law, LLC
711 N. Wheaton Avenue
Wheaton, Illinois 60187
(630) 927-2984
*Attorney for Plaintiff Haymarket DuPage*

Amir Tahmassebi
Ramses Jalapour
Konicek & Dillon, P.C.
70 W. Madison, Suite 2060
Chicago, IL 60602
(312) 328-9166
*Attorneys for Defendants Village of Itasca, Itasca Plan Commission, and Mayor Jeffrey Pruyn*

Jon Loevy
Jordan Poole
Loevy & Loevy
311 N. Aberdeen Street, Suite 3
Chicago, Illinois 60607
(312) 243-5900
*Attorneys for Plaintiff Haymarket DuPage*

Date: July 21, 2026